UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>$50,000.00 IN UNITED STATES CURRENCY, more or less, and all proceeds therefrom,<br><br>　　　　Defendant. | Case No.  C05-1502L<br><br>ORDER DENYING MOTION FOR POST COMPLAINT RESTRAINING ORDER |

## I.  INTRODUCTION

This matter comes before the Court on the motion of the United States (the "Government") for a restraining order to preserve the availability of the defendant property pending a resolution of this action. (Dkt. # 4-1).

## II.  FACTS

In November of 2004, the Government executed a search warrant at the residence of claimant Alexander Milman as part of an investigation of alleged health care fraud and money laundering. During that search the Government seized, *inter alia*, the currency at issue here. Mr. Milman moved to recover the seized property under Fed. R. Crim. P. 41(g). The

ORDER DENYING MOTION
FOR POST COMPLAINT
RESTRAINING ORDER - 1

Government attempted to preserve the defendant property under administrative forfeiture law, but did not give Mr. Milman notice of the proceeding within 60 days as required by 18 U.S.C. §983(a)(1)(A)(i).

On August 18, 2005, Magistrate Judge Mary Alice Theiler determined that the Government could not retain the defendant property because it had failed to give timely notice. Judge Theiler found that Mr. Milman was entitled to the property and ordered all seized property returned. (Dkt. # 5).

On August 31, 2005, the Government filed this action alleging that the defendant property constitutes funds involved in money laundering and thus subject to forfeiture. (Dkt. # 4-1).

## III. DISCUSSION

18 U.S.C. § 983(a)(1)(A)(i) requires the Government to send written notice within 60 days of the seizure. The statute further provides:

> If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. The Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess.

18 U.S.C. § 983(a)(1)(F). In this case the Government concedes that it did not give timely notice. Therefore, unless the Government can show that the property is contraband, it must return that which was seized.[1]

When faced with the exact same issues and facts in a related proceeding, Judge Theiler found that the Government does not have probable cause to believe that the defendant property

---

[1] The Government cites no authority in support of the proposition that a motion for a pretrial restraining order is an acceptable method of avoiding the return clause contained in 18 U.S.C. § 983(a)(1)(F).

ORDER DENYING MOTION
FOR POST COMPLAINT
RESTRAINING ORDER - 2

is laundered drug money from 2002.[2]  The undersigned agrees.  In a parallel proceeding in the Honorable James L. Robart's court, the Government successfully moved for a restraining order to preserve the availability of a Rolex watch.  The evidence on which the court relied in that action included a verified complaint containing allegations that the Rolex watch was purchased, at least in part, with funds obtained through Medicare and Medicaid fraud.  (Dkt. # 13).  In contrast, the present claim is based only on the statement of a cooperating drug dealer witness who stated he loaned $40,000.00-$50,000.00 to Mr. Milman in 2002.  This evidence does not give rise to probable cause.[3]  This Court agrees with Judge Theiler's assessment that "it seems extremely unlikely that, two and a half years later, the same currency was still in Mr. Milman's possession, given the apparent cash flow problems of the business."  (Dkt. #5).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for a protective order. The Government is hereby ORDERED to return the defendant property to Mr. Milman within 10 days of the date of this order.

DATED this 21st day of, November 2005.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[2] This Court adopts the probable cause standard for a restraining order prior to a civil case. See United States v. Melrose E. Subdivision, 357 F.3d 493 (5th Cir. 2004).

[3] Probable cause has been defined in forfeiture cases as "a reasonable ground for belief ... supported by less than prima facie proof but more than mere suspicion." Melrose E. Subdivision, 257 F.3d at 505, quoting United States v. 1988 Oldsmobile Cutlass Supreme 2 Door, 983 F.2d 670, 674 (5th Cir. 1993).

ORDER DENYING MOTION
FOR POST COMPLAINT
RESTRAINING ORDER - 3